Jacob J. Schwartz wax®, J.
Motion by defendant Flanders Realty, Inc. to cancel plaintiff’s Us pendens insofar as it affects defendant’s premises. The defendants will be referred to herein as Dilmar, Sandra, Abco, Kingsway and Flanders for convenience.
The present action alleges the defendants conveyed certain parcels of land in fraud of creditors and seeks to set aside the conveyances. A Us pendens was filed against all of the defendants. The complaint alleges that while plaintiff’s action was pending against defendant Dilmar the latter conveyed to Sandra the property set forth in the complaint; that a few days after plaintiff obtained a judgment against defendant Dilmar, the latter (Sandra) conveyed the same property to Abco; that thereafter Sandra and Abco conveyed to Kingsway and Kings-way subsequently conveyed to Flanders; that some of the conveyances were made without consideration and others for a consideration, the amount of which is unknown to plaintiff.
Defendant Flanders alleges it had no knowledge of the judgment at the time it purchased the property from its grantor and that it is a bona fide purchaser for value. The property consisted of four uninhabited buildings, condemned by the City of New York for violations. After the purchase defendant Flanders prepared to rehabilitate the premises and has completed a substantial amount of the work; that financing of the cost of the rehabilitation to the extent of $40,000 had been arranged by way of mortgage from a lending institution and that the sum of $20,000 has already been advanced in connection therewith; that the mortgagee has refused to make any further advances in- view of the filing of the Us pendens and, unless the defendant is permitted to cancel same and continue the work, it will suffer heavy damages and possible loss of the property.
The moving defendant offers to deposit cash or furnish a bond in the sum of $13,000 to cancel the lis pendens as against the parcels owned by it. No objection has been raised to the amount of the bond or deposit but plaintiff objects to the conditioning of either as requested by defendant in its moving papers — that only in the event of a judgment' being obtained against defendant Dilmar and the further event that the defend *913 ants in the action fail to pay said judgment will the surety be required to pay same.
Defendant’s application to cancel the lis pendens upon the conditions proposed to be attached to the deposit or undertaking is denied. (See Cooper v. Rayro Realty Corp., 263 App. Div. 964.) If the defendant is a purchaser for value and without knowledge of the alleged fraud of the previous grantors, its title is not impaired and no judgment would be obtainable against it (Real Property Law, § 266). On the other hand, if plaintiff had knowledge of the fraud or should have had such knowledge or should have been put on notice by the acts of its predecessor grantors, plaintiff would be entitled to enforce any judgment obtained against the defendant without first exhausting any right she might have against the other defendants, some or all of whom may be unable to respond financially qr may no longer be in business.
The court is in nowise making any determination as to the merits of the action. All that is being done is substituting the bond for the property,
Defendant, however, may, if it be so advised, deposit the sum of $13,000 or- an undertaking without conditions and providing for the payment of any judgment which may be obtained in this, action against said defendant, in which event an order may be settled on notice providing for the filing of such bond or undertaking and the cancellation of the lis pendens as to the moving defendant’s property only. Settle order.